### Wilson v. Wilson, et al.

(Decided October 7, 1919.)

## Appeal from Mercer Circuit Court.

Deeds—Construction of.—In the construction of deeds the whole
instrument should be considered and effect, if possible, given to
all the recitals therein.

E. H. GAITHER for appellant.

C. E. RANKIN and J. T. WILSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Affirming.

Ada C. Wilson, wife of James C. Wilson, was given
by her father in his will bank stock of the value of

$1,500.00 to be held in trust for her use during her natural life with the privilege of disposing of the stock and investing the proceeds in a home to be held under the same conditions as the stock. Thereafter Ada C. Wilson concluded to invest $1,000.00 in a home which was conveyed to her trustee, Margaret Stephenson, for the use of Ada C. Wilson during her natural life with the power to dispose of the property by will and to reinvest in other land for a home whenever the trustee and Ada seemed best.

After this Ada C. Wilson and her trustee conveyed this house and lot to John K. Wilson as part payment for a house and lot conveyed simultaneously to the trustee for Ada C. Wilson and James C. Wilson, the husband of Ada. The house and lot thus conveyed by John K. Wilson was valued at $3,000.00 while the house and lot he took in part payment was apparently valued at $1,500.00.

The deed made by John K. Wilson reads in part:

"This deed made and entered into this 7th day of April, 1887, between John K. Wilson and Mary A. Wilson, his wife of the 1st part and Margaret B. Stephenson, trustee for Ada C. Wilson and James C. Wilson of the second part, all of Mercer county, Kentucky,

"Witnesseth: That in consideration of the sum of three thousand dollars, seven hundred dollars of which cash paid and one thousand dollars to be paid three years from this date, with 6 per cent interest a note for which has this day been executed, and the further consideration of a deed of conveyance this day made by Margaret B. Stephenson, trustee for Ada C. Wilson, one part of the second part to John K. Wilson for a house and lot in Harrodsburg, Ky., upon Main street, the party of the first part has sold and hereby conveyed unto the said Margaret B. Stephenson in trust for the sole and separate use of Ada C. Wilson during her natural life with power in the said Ada C. Wilson to dispose of said property absolutely by will with power to said trustee to sell and reinvest in other land for a home for the said Ada C. Wilson whenever said trustee and the said Ada C. Wilson shall deem best to be held in trust under the same limitations and conditions herein set out and to James C. Wilson, the following described house and lot.............. the interest of said

Margaret B. Stephenson, trustee of Ada C. Wilson, being $1,500.00.''

After the death of James C. Wilson, intestate, his heirs at law claiming to be the owners of an undivided half interest in this house and lot, which was indivisible, brought this suit against Ada C. Wilson seeking a sale of the property and division of the proceeds. In answer to this suit Ada C. Wilson contended that under the deed made by John K. Wilson, her husband, James C. Wilson, had no interest in the property. The lower court, however, decided that James C. Wilson owned in fee an undivided one-half interest in the property subject to the dower interest of his widow, Ada C. Wilson, and that the title to the other undivided one-half interest was in the trustee of Ada C. Wilson with power in Ada Wilson to dispose of same by will; that it could not be divided without materially impairing the value of the interest of each owner therein and it was adjudged that the property be sold.

We think the construction placed on the deed by the lower court was correct as it carried out the intention of the parties as expressed in the deed. The deed made by John K. Wilson shows on its face that the property was conveyed to ''Margaret B. Stephenson, trustee for Ada C. Wilson, and Jas. C. Wilson of the second part;'' that the consideration of $3,000.00 was paid $700.00 in cash, $1,000.00 by note and the remainder by the house and lot conveyed at the time this deed was made by Ada C. Wilson and her trustee to John K. Wilson. The body of the deed is awkwardly written, but when there is kept in view the granting clause of the deed and the words ''interest of said Margaret B. Stephenson, trustee of Ada C. Wilson being $1,500.00,'' at the end of it, the ambiguity apparent in the remainder of the deed is removed.

It seems to be conceded that this house and lot was worth $3,000.00, and this being so the interest of Ada C. Wilson, which was stipulated in the deed to be $1,500.00. would give her one-half of it subject to the conditions of the trust and the other half to her husband, James C. Wilson. It also appears that James C. Wilson was the son of John K. Wilson, and we may assume that James C. Wilson paid to John K. Wilson the purchase price of the house and lot less the value of the house and lot owned by Ada and her trustee that John K. Wilson took

as part payment, as there is no claim that Ada C. Wilson invested in this property any other consideration than the house and lot conveyed by her and the trustee in part payment.

To say that James C. Wilson had no interest in this property would be to ignore entirely the granting clause in the deed as well as the words expressing the interest that Margaret Stephenson, trustee of Ada C. Wilson, owned as being $1,500.00.

We are also of the opinion that the infant, Van Buren Hansford, was properly before the court and that his interest in the house and lot will pass to the purchaser at the sale under the judgment, but the interest of this infant will remain a lien on the land, as provided in section 497 of the Civil Code, until the bond therein mentioned is executed.

Wherefore the judgment is affirmed.